# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY ATWOOD and PHOEBE GRANADO,<br><br>Plaintiffs,<br><br>v.<br><br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:24-1127-RJC |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

Before the Court is a Motion on Misjoinder and Change of Venue ("Misjoinder Motion") (ECF No. 23) filed by Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc. ("FedEx") in the above-captioned matter. FedEx seeks severance of the claims set forth by Plaintiffs Timothy Atwood and Phoebe Granado (collectively, "Plaintiffs") in the operative Amended Complaint (the "Complaint") (ECF No. 19) due to misjoinder under Federal Rule of Civil Procedure 21 and, thereafter, transfer of each Plaintiff's case to the federal courts corresponding to the states of their employment with their "Service Provider."[1] ECF No. 23at 1. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. FedEx's Midjoinder Motion has been fully briefed and is ripe for disposition.

---

[1] The law firm Lichten & Liss-Riordan P.C. ("Plaintiffs' counsel") represents the plaintiffs in each of the four lawsuits pending against FedEx before the undersigned at 2:18-cv-1698, 2:24-cv-1127, 2:24-cv-1128, and 2:24-cv-1129.

Case 1:25-cv-00331-CEA-MJD    Document 79    Filed 09/29/25    Page 1 of 13    PageID #: 4135

## I.     Background

It bears initially noting that the present case is essentially a "spinoff" from a lawsuit that is currently pending before the undersigned and which has been active in this District since 2018, *Claiborne, et al. v. FedEx Ground Package System, Inc.*, 2:18-cv-1698.  In late April 2024, the plaintiffs in *Claiborne* voluntarily moved to decertify a conditionally certified collective that included, among 30,000+ individuals, Atwood and Granado as opt-ins who were dismissed without prejudice.  The *Claiborne* plaintiffs subsequently withdrew their Rule 23 class action allegations in July 2024.  The Court granted the Claiborne plaintiffs' request for decertification on May 2, 2024, and, pursuant to the parties' agreement, granted the request of the dismissed opt-ins to toll their statute of limitations through August 6, 2024 in which to pursue their claims.  2:18-cv-1698 -- ECF No. 526.  On August 1, 2024, Plaintiffs' counsel filed a letter on the *Claiborne* docket (2:18-cv-1698 -- ECF No. 544) informing the Court of the possibility of the filing of additional lawsuits such as the one herein, noting the possibility of 13,000+ plaintiffs pursuing individual claims, and seeking guidance on how counsel should proceed.  In response, the Court ordered as follows in *Claiborne*:

> ORDER: Upon review of Plaintiffs' "NOTICE of Forthcoming Complaints and Request for Conference" [544], it is hereby ordered that the request for a status conference is denied.  By way of this request, Plaintiffs' counsel seems to seek only a discussion about hypothetical anticipated lawsuits and complaints that have not yet been filed.  *See* [544] at 2 ("[W]e write to respectfully request that the Court schedule a brief conference if possible before Tuesday (the tolling deadline) to discuss the filing of plaintiffs' anticipated complaints.  We would like to discuss the logistics of our filing these complaints and understand the Court's preferences if possible before the complaints are filed.").  With respect to logistics, the Court perceives that counsel's questions would be better directed to the Clerk's Office.  With respect to "preferences," the Court maintains no preferences at this juncture, and would reserve consideration of, and would not speak to, any issues that are not currently pending before the undersigned in a pending case.  Unless Plaintiffs can identify a specific basis for a status conference in the case at No. 18-cv-1698, and Plaintiffs have not, the Court sees no need for a status conference at this time.  The status conference request is denied.

2:18-cv-1698 -- ECF No. 545.

On August 6, 2024, Plaintiffs' counsel filed three new lawsuits, including this one, against FedEx at case nos. 2:24-cv-1127; 2:24-cv-1128; 2:24-cv-1129. Plaintiffs' counsel has designated the newer cases as related to *Claiborne*. Plaintiffs assert that they were employed as delivery drivers by FedEx through intermediary employers to perform delivery services on FedEx's behalf. Compl. ¶ 14, ECF No. 19. Plaintiffs further assert that FedEx has violated the FLSA by not paying overtime compensation to Plaintiffs for all hours worked over forty each week. *Id.* at ¶¶ 27-29.

Plaintiffs filed the Complaint on September 24, 2024. FedEx filed its Misjoinder Motion on December 2, 2024, along with a Brief in Support (ECF No. 24). Plaintiffs filed a Response in Opposition (ECF No. 27) on December 12, 2024. FedEx filed a Reply (ECF No. 30) on December 19, 2024. On December 23, 2024, the parties stipulated to dismissal of Plaintiffs' declaratory judgment claim at Count II, *see* ECF No. 31, thus mooting a Motion to Dismiss (ECF No. 20) previously filed by FedEx, *see* ECF No. 32. Plaintiffs filed a Notice of Supplemental Authority (ECF No. 33) on January 16, 2025.

## II.   Legal Standard

### A.  Joinder

Federal Rule of Civil Procedure 20, which addresses permissive joinder of parties, provides as follows with respect to joinder of plaintiffs:

> Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). While misjoinder is not a ground for dismissal of a case, the Court may, on motion or on its own, add or drop a party or sever any claim against a party at any time on just terms. Fed. R. Civ. P. 21.

"[S]everance under Rule 21 creates independent actions resulting in separate judgments[,]" and is appropriate when the plaintiffs' claims "are 'discrete and separate,' each capable of resolution without dependence or effect on the other." *Henderson v. Mahally*, 639 F. Supp. 3d 481, 486 (M.D. Pa. 2022). While the United States Court of Appeals for the Third Circuit "has not established specific parameters for deciding a motion to sever claims[,]" district courts often consider:

> (1) [W]hether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof; (2) whether severance would promote judicial economy; and (3) whether either party will be unduly prejudiced by severance or its absence.

*Henderson*, 639 F. Supp. 3d 486-87. Where the plaintiffs do not meet the standard for permissive joinder under Rule 20, "[t]he proper remedy is to grant severance or dismissal to the improper party if it will not prejudice any substantial right." *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972).

### B. Venue and Transfer

In general, a civil action may be brought in the following venues:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

4

28 U.S.C. § 1391(b). 28 U.S.C. § 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) ("[S]ection 1404(a) was intended to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." (citing *Stewart*, 487 U.S. at 30–31)). The movant bears the burden of establishing the need for a transfer, and a plaintiff's choice of forum should not be lightly disturbed. *Jumara*, 55 F.3d at 879.

"While there is no definitive formula or list of the factors to consider" in ruling on a § 1404 motion, "courts have considered many variants of the private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879 (citation omitted). The United States Court of Appeals for the Third Circuit has explained that:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the

5

fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted).

## III.    Discussion

FedEx argues that the only commonality between Atwood and Granado is that they were opt-ins to the *Claiborne* action who were deposed. ECF No. 24 at 1. Otherwise, FedEx asserts, they worked for different Service Providers in different states, Tennessee and Texas respectively, and FedEx argues that their claims should be severed and transferred to more convenient forums.

*Id.* Plaintiffs argue that:

> This case is straightforward, involving only two Plaintiffs—both of whom delivered packages for FedEx. They allege that FedEx, as their joint employer, is liable for unpaid overtime. . . . This case presents an ideal opportunity to serve as a bellwether for the other 11,804 claims pending before this Court. Minimal or no discovery is needed before trial. The Court is already familiar with the background facts and the underlying law.

ECF No. 27 at 1 (citations omitted) (footnote omitted). The Court agrees with FedEx.

Both FedEx's and Plaintiffs' arguments are substantively identical to those raised in *Claiborne*,[2] and the Court hereby incorporates its analysis in that case herein. Quite simply, the Court finds that severance is appropriate, and that both the private and public *Jumara* factors favor transfer in this case. Accordingly, the Court will sever the claims of the two named Plaintiffs, and will transfer these cases to the district courts located in Plaintiffs' states of employment. This case will be designated as stayed pending transfer, and, following transfer, will be closed in this District thereafter.

---

[2] So much so that the Court notes that Plaintiffs provide the following in this case: "[w]ith one proceeding, Plaintiffs can share their trial costs. Splitting and transferring their claims, on the other hand, will multiply each Plaintiff's trial costs *twelvefold*." ECF No. 27 at 15 (emphasis added). Of course, that line is taken directly from Plaintiffs' counsel's brief in *Claiborne*, which now involves the claims of twelve individual plaintiffs. This case, on the contrary, involves two, not twelve, Plaintiffs.

6

## A. Misjoinder

Initially, there is no dispute that Plaintiffs' claims could have been brought before the district courts located in their places of employment. The Court agrees with the following argument presented by FedEx: "as the nine certification losses have shown, there is no 'bellwether' case to be had because the issues relevant to each plaintiff's claims will rise or fall on their own individualized evidence." ECF No. 30 at 1 (emphasis omitted).

The Court acknowledges that the standard for maintenance of a collective or class action is different than that for Rule 20 permissive joinder, but it finds that Plaintiffs may overstate that distinction in arguing against severance. That said, Plaintiffs, while acknowledging that key distinctions exist among them,[3] nonetheless, rely entirely on an assertion that only the issue of joint employment will carry the day in this case, and that it supports the joinder of their claims. Courts considering this *exact* issue in the context of lawsuits against FedEx have entirely contradicted any such assertion. *See Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2024 WL 1346999, at *6-7 (D. Mass. Mar. 29, 2024) ("Even if the evidence on which Plaintiffs rely might be sufficient to establish that some or all of them were denied some measure of overtime pay, it does not show a common policy or practice imposed or endorsed by FedEx that resulted in the alleged failures to pay overtime. There is no dispute that FedEx and the ISPs are distinct organizations and that the ISPs hired and paid the drivers. . . . Even if the *Campbell* test is the correct approach, and even if Plaintiffs can prevail on the joint employment question by

---

[3] *See Brannon et al. v. FedEx*, 2:24-cv-1128, ECF No. 33 at 12 ("Fourth, the complexity of the factual issues involved also weighs in Plaintiffs' favor. As FedEx itself has claimed, conducting an independent investigation into whether each of the 30,000 former Claiborne opt-ins have a valid claim for overtime wages would require sifting through, for each individual, pages of scanner data and pay stubs to determine whether: (1) they drove for an ISP within the statute of limitations period; (2) they drove, at any point, a vehicle with a Gross Vehicle Weight Rating of less than 10,001 pounds; (3) they worked more than 40 hours in any given week; and (4) they were not, in fact, paid overtime for those qualifying weeks. That is plainly impossible to do within 120 days, even for those individuals for whom FedEx has produced scanner data.").

representative or common evidence, they will only reach the "starting line," *Martinez v. FedEx Ground Package Sys., Inc.*, Civ. No. 20-1052 SCY/LF, 2023 WL 7114678, at *17 (D.N.M. Oct. 27, 2023), by showing that FedEx was their employer. Such evidence would not tend to show that members of the provisional collective are similarly situated with respect to a consistent decision, policy, or practice that caused them to be deprived of overtime pay."); *id.* at *7 ("The court is not persuaded that Plaintiffs have met their burden of showing that Plaintiffs are similarly situated such that their claims can be tried by common or representative evidence."); *Martinez v. FedEx Ground Package Sys., Inc.*, No. CV 20-1052 SCY/LF, 2023 WL 7114678, at *21 (D.N.M. Oct. 27, 2023) ("The Court agrees with Plaintiffs that the joint-employment issue is a significant issue. Indeed, it is a threshold issue—as Defendant says, joint employment is required for Plaintiffs to even get to the starting line. Once there, each driver would still have to prove their remaining case on an individual basis: how they were paid; how many hours they worked, in what state they worked; and whether their pay included premium time for each hour over 40 in a week." (citation omitted)); ECF No. 33-1 (citing *Alleyne et. al. v. Federal Express Corporation*, Case No. 1:24-cv-12031-MGM for its holding that "Judge Robertson's decision decertifying the collective action strongly suggests that this case and *Roy* do not actually share the common factual basis necessary to support the related case designation."); ECF No. 33-2 (citing *Doyle et. al. v. Federal Express Corporation*, Case No. 1:24-cv-12030-MGM for the same proposition).

Severance is also supported by decisions rendered by the Fifth Circuit in *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010) (affirming denial of mass joinder of approximately 800 FLSA plaintiffs seeking overtime pay and providing "district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims.") and

the Ninth Circuit in *Alvarado v. City of Los Angeles*, 720 F. App'x 889, 904 (9th Cir. 2018) (dismissing all but one plaintiff in each of 28 lawsuits filed by approximately 2,500 plaintiffs "Plaintiffs-Appellants do not allege any greater connection between their claims than that the City's employees violated the FLSA in comparable ways, at various different times, and in various different divisions and bureaus.").

As noted, in determining whether severance is appropriate, courts consider whether the issues sought to be severed are significantly different from one another and would require distinct evidentiary proof, whether severance would promote judicial economy, and whether either party will be unduly prejudiced by severance or its absence. *Henderson*, 639 F. Supp. 3d 486-87. Each of these factors favors severance in this matter.

FedEx has more than adequately set forth the distinctions between the Plaintiffs' claims in this case, and Plaintiffs have not truly contradicted any such assertion. *See* ECF No. 24 at 4-5 ("Plaintiffs worked for different Service Providers in different states; Plaintiffs were paid differently; Plaintiffs had different interactions and types of interactions with FedEx personnel; Plaintiffs drove different types of vehicles with different weights; and Plaintiffs worked different weekly hours. . . . When the facts arise from different pay, working conditions, and locations, it cannot be said that they arose from the same transaction or occurrence."); *id.* at 13 ("Different witnesses and documentary proof will be needed for each Plaintiff, such as pay and hours information from their Service Provider employers, vehicle information (particularly where FedEx's records are lacking), station management witnesses that can testify to Plaintiffs' specific claims about the allegations of control from each Plaintiff, as well as fact witnesses from the Service Providers themselves."). Plaintiffs' claims do not arise from the same transaction, occurrence, or series of transactions or occurrences, and severance is thus appropriate.

9

As will be discussed in further detail below, severance and transfer in a case such as this will promote judicial economy and will not prejudice either party, as the issues will be simplified by severance and allow for a speedier path to trial for each of the individual Plaintiffs. Continued litigation in this forum is likely to result in delay as the Court would be required to resolve individual motions for summary judgment and a cross motion for summary judgment. While the Court is not unwilling to undertake the work required, it does find that efficiency and economy will be promoted by severance and transfer, and further finds that severance is appropriate under the discretionary factors discussed in *Henderson*.

## B. Transfer

The Court finds that transfer of Plaintiffs' severed claims is appropriate. Initially, there is no dispute that Plaintiffs' claims could have been brought before the district courts located in their places of employment. While Plaintiffs' preference is this District, the Court notes that, "[a]lthough the plaintiff's choice of forum is the most important *Jumara* factor, it becomes significantly less so when the district is not the home forum of the plaintiff and most of the alleged activity did not occur there." *Tatum v. Nat'l Football League*, No. 2:13-CV-01814, 2014 WL 1652794, at *5 (W.D. Pa. Apr. 24, 2014). Because neither of the Plaintiffs can claim the Western District of Pennsylvania as their home forum, and because most of the activity at issue in this case occurred outside of this District, this *Jumara* factor is, at most, neutral.

FedEx prefers to litigate Plaintiffs' claims in Plaintiffs' home forums, where Plaintiffs worked and where most witnesses and evidence will be located and available. While usually entitled to less weight, the Court does find that this factor weighs in favor of transfer.

The Court does acknowledge, however, that FLSA claims arise in both the plaintiff's state of employment, where the policies at issue are effectuated, and in the forum in which the defendant

10

is headquartered, where the employer would have determined and maintained the challenged policies and practices. *Escalet v. Canada Dry Potomac Corp.*, No. CV 23-329, 2023 WL 5152626, at *4 (E.D. Pa. Aug. 10, 2023) (quoting *Stewart v. First Student, Inc.*, No. CV 20-2556, 2022 WL 16731231 at *3 (E.D. Pa. Nov. 7, 2022)). Because FedEx was headquartered in this District during most, if not all, of the timeframe relevant herein,[4] this factor weighs slightly against transfer, given that Plaintiffs' claims also clearly arose in their districts of employment as well.

As for convenience of the parties, the Court finds this *Jumara* factor to be neutral. While the Court tends to agree with FedEx that inconvenient travel will be necessitated by litigation here, Plaintiffs have chosen this forum. While not directly raised by Plaintiffs, the Court does note that "the location of counsel carries little, if any, weight in an analysis under § 1404(a)." *Tatum*, 2014 WL 1652794, at *5 (*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970).

With respect to the convenience of witnesses, FedEx correctly notes that many witnesses will be forced to travel if this case remains in this District given that Plaintiffs' home forums and states of employment are Tennessee and Texas. These witnesses are also outside the Court's subpoena authority under Fed. R. Civ. P. 45(c)(1), and this factor weighs in favor of transfer. The location of books and records factor is neutral.

As to the public factors, the enforceability of the judgment factor is neutral, as a judgment here or in the Plaintiffs' home forums would be enforceable.

As for practical considerations that could make the trial easy, expeditious, or inexpensive and the relative administrative difficulty in the two fora resulting from court congestion, the Court finds that judicial economy and efficiency will be served by severance and transfer in this matter. While the Court has issued several opinions in the *Claiborne* matter, most have dealt with

---

[4] FedEx is now headquartered in Tennessee, Atwood's state of employment. *See* ECF No. 30 at 12.

11

Case 1:25-cv-00331-CEA-MJD   Document 79   Filed 09/29/25   Page 11 of 13
PageID #: 4145

procedural or discovery issues, and any assertion of this Court's familiarity with each of these two Plaintiff's claims is simply overstated. Moreover, FedEx has filed motions for summary judgment as to each Plaintiff's claims, and Plaintiffs have filed a cross motion. While the Court would strive to deal with these motions expeditiously, the simple truth of the matter is that the separation of Plaintiffs' claims and transfer to separate jurisdictions will simplify issues and allow for speedier resolution than this Court can provide. A single trial with multiple distinct claims also presents ample opportunity for juror confusion. Simply put, while Plaintiffs' counsel might be adversely affected by transfer, Plaintiffs themselves will likely be benefitted. Where FedEx's counsel stated in a sworn declaration that Plaintiffs' counsel stated that the parties "can have fun [litigating these cases] together for the next 10 years or more," *see* ECF No. 26-1 at ¶ 18, and where Plaintiff's counsel fails to truly dispute that statement, the Court believes it is plain that joint litigation is against the interest of both judicial efficiency and economy, and is rather being used as a cudgel to attempt to force a settlement that has not yet been, and appears unlikely to be, reached. These factors weigh heavily in favor of transfer.

The factors of the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases are all neutral given that Plaintiff brings only FLSA claims in this case, which are clearly within this Court's original jurisdiction.

Only one of the *Jumara* factors weighs in favor of transfer, and only slightly. The other *Jumara* factors are either neutral or weigh in favor of transfer, some heavily. This Court is vested with broad discretion in determining whether convenience and fairness warrant transfer. Having considered the relevant factors, the Court finds that transfer is both warranted and appropriate.

**IV.     Conclusion**

For the reasons discussed above, the Court will grant the Misjoinder Motion.  As noted, this case will be designated as stayed pending transfer, and, following transfer, will be closed in this District thereafter.  An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: September 29, 2025

cc: All counsel of record